IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JENNIFER MARIE HAWLEY, | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-1959-BH |
| | § | |
| ANDREW SAUL, | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| **Defendant.** | § | Consent[1] |

## MEMORANDUM OPINION AND ORDER

Before the Court is *Plaintiff's Motion for Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412*, filed January 8, 2021 (doc. 24). Based on the relevant filings and applicable law, the motion is **GRANTED**.

## I.   BACKGROUND

On August 16, 2021, Jennifer Marie Hawley (Plaintiff) filed a complaint seeking reversal of the decision by the Commissioner of the Social Security Administration (Commissioner) to deny her claims for supplemental security income benefits, as well as remand under the Social Security Act. (doc. 1 at 1-2.)[2]  On November 6, 2020, the Commissioner's decision was reversed in part, and the case was remanded for further proceedings. (docs. 22-23.) Plaintiff now seeks an award of attorney's fees under the Equal Access to Justice Act (EAJA). (doc. 24.) The Commissioner does not object to the hourly rate or the amount of fees requested, but objects to her request for costs, and contends that the award should be made payable directly to Plaintiff, not her

---

1 **Error! Main Document Only.**By consent of the parties and the order of transfer dated November 1, 2019 (doc. 15), this case has been transferred for the conduct of all further proceedings and the entry of judgment.

2 Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

counsel. (doc. 26.) Plaintiff clarified that she does not seek costs, and that her application erroneously states that she seeks postage expenses. (doc. 27 at 1; doc. 24-1 at 6.)

## II.  ANALYSIS

Under the EAJA, a court must award attorney's fees and expenses if (1) the claimant is the "prevailing party[3]; (2) the Government's position was not "substantially justified"; and (3) there are no special circumstances that make an award unjust. *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (citing 28 U.S.C. § 2412(d)(1)(A)). The attorney's fees awarded under the EAJA must be reasonable, however. *See* 28 U.S.C. § 2412(b). "Because EAJA is a partial waiver of sovereign immunity, it must be strictly construed in the government's favor." *Tex. Food Indus. Ass'n v. USDA*, 81 F.3d 578, 580 (5th Cir. 1996) (citation omitted). "In determining the reasonableness of such fees, [the Fifth Circuit] has adopted the 12–factor 'lodestar' test enunciated in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir. 1974)."[4] It is, however, "not necessary for a district court to examine each of the factors independently if it is apparent that the court has arrived at a just compensation based upon appropriate standards." *Sanders v.*

---

3 To be the "prevailing party" for purposes of the EAJA, a social security claimant must obtain a "sentence four" judgment reversing denial of disability benefits and requiring further proceedings before the agency. *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993); *Goin v. Colvin*, No. 3:12-CV-2471-B, 2013 WL 1797862, at *2 (N.D. Tex. Apr. 29, 2013).

4 The "lodestar fee" is the product of "the number of hours reasonably expended on the litigation" multiplied "by a reasonable hourly rate." *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 615-16 (N.D. Tex. 2000). "The court must then determine whether the lodestar amount should be adjusted upward or downward" using the *Johnson* factors. *Id.* These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the claimant's attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the claimant or the circumstances; (8) the amount of recovery involved and the results obtained; (9) counsel's experience, reputation, and ability; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the claimant; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. "[M]any of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (citation omitted). Accordingly, a court need not examine each factor "if it is apparent that the court has arrived at a just compensation based upon appropriate standards." *Sanders*, 2005 WL 2285403, at *2 (citation omitted).

*Barnhart*, No. 04-10600, 2005 WL 2285403, at *2 (5th Cir. Sept. 19, 2005) (per curiam). The claimant has the burden of demonstrating that the hours claimed were reasonably expended on the prevailing claim. *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990) (noting that the burden "does not shift to the opposing party merely because that party does not show that the hours are unreasonable or that it did not make specific objections to the hours claimed").

Here, as the prevailing party, Plaintiff seeks a total of $8,308.29 in attorney's fees for 32.48 hours of attorney work and 5.73 hours of paralegal work spent litigating her appeal in federal court, and for 5.8 hours of attorney work and .9 hours of paralegal work for preparing and filing the EAJA application.[5] (doc. 24-1 at 3-4.) She has submitted itemized billing statements (Statements) which contain detailed time entries for legal services rendered by her counsel and his paralegal.[6] (*See* docs. 24-2 at 2-6.) The entries show the amount of time expended for each activity and are organized by the date the legal services were rendered in this case between July 9, 2019 and January 7, 2021.[7] (*See id.*) The Statements seek a total of 9.71 attorney hours at a rate of $199.70 for work performed in 2019; 22.77 attorney hours at a rate of $200.80 for work performed in 2020; 5.8 attorney hours at a rate of $201.23 for work performed in 2021; and 6.63 paralegal hours, after

---

5 Under the EAJA, fees incurred in litigating a fee application are compensable. *Sandoval*, 86 F. Supp. 2d at 616 (citing *Powell v. Commissioner*, 891 F.2d 1167, 1170-71 (5th Cir. 1990)) (awarding plaintiff 28.25 hours for attorney services rendered litigating his EAJA claim); *see also Dounley v. Astrue*, No. 3-08-CV-1388-O-BH, 2010 WL 637797, at *3 n.1 (N.D. Tex. Feb. 23, 2010) (awarding plaintiff 5.5 hours of attorney work for defending the fee application against Commissioner's objections).

6 Contemporaneous billing records are acceptable documentation for determination of reasonable hours. *See Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990).

7 While some of the entries for multiple activities identify the amount of time expended on each legal activity, other entries use "block billing," in which multiple activities are lumped in a single time entry. *See C & D Production Services v. U.S. Dep't of Labor*, 376 F. App'x 392, 394 (5th Cir. 2010). It is therefore difficult at times to determine how much time was spent on specific tasks.

a discount of 1.40 hours, at a rate of $95.00.[8]  (docs. 24-1 at 5-6; 24-2 at 2-4.)

"[I]t is well established that the most critical factor in determining an award of attorney's fees is the degree of success obtained by the victorious plaintiff [ ]." *Northwinds Abatement, Inc. v. Empl'rs. Ins. of Wausau*, 258 F.3d 345, 354 (5th Cir. 2001) (internal quotations omitted); *see also Hensley*, 461 U.S. at 440 ("[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under" the EAJA.). In view of Plaintiff's success and considering the work performed, the hours requested are reasonable and should not be reduced. *See Mesecher v. Berryhill*, No. 4:15-CV-0859-BL, 2017 WL 4417682, at *2 (N.D. Tex. Oct. 3, 2017) ("Under the EAJA, a typical fee applicant claims 'between thirty and forty hours' for attorney work.") (citing cases); *see, e.g., Kawinda M. v. Comm'r, Soc. Sec. Admin.*, No. 3:19-CV-614-G-BK, 2020 WL 3441971, at *1 (N.D. Tex. May 27, 2020), *adopted by* 2020 WL 3441232 (N.D. Tex. June 23, 2020) (finding plaintiff's request under the EAJA for attorney's fees for 32.15 hours of attorney work was reasonable); *Banks v. Berryhill*, No. 4:18-CV-00239-BP, 2019 WL 2084539, at *1 (N.D. Tex. May 13, 2019) (approving EAJA fees request for 23.9 hours of attorney work and 7.4 hours of paralegal work); *Goin*, 2013 WL 1797862, at *6 (approving 79.2 hours of attorney work on a social security appeal). The award of attorney's fees in this case must be made payable directly to Plaintiff and mailed to her counsel, however.[9]

---

8 Attorney's fees under the EAJA are subject to a statutory maximum rate of $125 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court may calculate fees using a higher rate based on an increase in the cost of living or other "special factors," however. *Id.* Plaintiff argues, and the Commissioner does not dispute, that a billing rate of $199.70 per hour for attorney services performed in 2019, $200.80 per hour for attorney services performed in 2020, and $201.23 for attorney services performed in 2021, are appropriate based on a cost-of-living adjustment. (docs. 24-1 at 6; 24-2 at 2; 26 at 2.) Paralegal work is also reimbursable under the EAJA, which is based on market paralegal rates. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571 (2008). Plaintiff argues, and the Commissioner does not dispute, that $95.00 per hour is the reasonable market rate for paralegal work in the Northern District of Texas. (docs. 24-1 at 6; 24-2 at 3-4; 26 at 2.)

9 The Supreme Court has held that an award under the EAJA must be paid directly to a claimant who is found to be

### III.   CONCLUSION

Plaintiff's motion is **GRANTED**, and she is awarded $8,308.29 in attorney's fees as follows:

(1) 9.71 attorney hours at the rate of $199.70 per hour for 2019;

(2) 22.77 attorney hours at the rate of $200.80 per hour for 2020;

(3) 5.8 attorney hours at the rate of $201.23 per hour for 2021; and

(4) 6.63 paralegal hours at a rate of $95.00 per hour.

The award of attorney's fees shall be made payable directly to Plaintiff and mailed to her counsel.

**SO ORDERED** on this 5th day of August, 2021.


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

the "prevailing party" in the case, rather than to his attorney. *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010).

5